# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

ANTHONY TENNIS,            )
                           )
    Plaintiff,             )
                           )
vs.                        )     CASE NO.
                           )
BEL-MAC ROOFING, INC.      )
                           )
    Defendant.             )
_____/

## COMPLAINT

COMES NOW, Plaintiff, ANTHONY TENNIS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues BEL-MAC ROOFING, INC. (hereinafter referred to as "Defendant"), and alleges:

### JURISDICTION AND VENUE

1. This is an action to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA").

2. Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the Act, 29 U.S.C. § 216(b).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant does business within this District. In addition, a substantial part of

the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, ANTHONY TENNIS, is a resident of the State of Florida and was an employee of the Defendant, during the three (3) years before the date on which this Complaint was filed.

5. Plaintiff, ANTHONY TENNIS, was employed by and worked for the Defendant performing roofing duties at the Defendant's facility located in Santa Rosa Beach, Santa Rosa County, Florida.

6. Defendant, BEL-MAC ROOFING, INC., is a Foreign Limited Liability Company duly licensed and organized under the laws of the State of Florida and is engaged in the construction business in the State of Florida.

7. Defendant, BEL-MAC ROOFING, INC, has an office located at 122-3 Bishop Tolbert Road, Santa Rosa Beach, Florida.

## FACTUAL ALLEGATIONS

8. The Defendant, BEL-MAC ROOFING, INC (hereinafter "BEL-MAC ROOFING, INC"), is an employer and enterprise engaged in interstate commerce.

9. The Defendant, as part of its business, engages in interstate commerce by processing credit cards which are instruments of interstate commerce, by transacting business with foreign corporations which are part of interstate commerce, by purchasing equipment, devices, materials, and supplies from suppliers, dealers, retailers, and vendors out of state which are part of interstate commerce, by advertising on the World Wide Web to potential clients and customers outside of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

10. Furthermore, the Defendant obtains, exchanges, and sends/receives funds to and from outside of the State of Florida, uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

11. The Defendant, BEL-MAC ROOFING, INC, has annual revenue of at least five hundred thousand dollars ($500,000.00).

12. The Defendant controls the day to day operations of BEL-MAC ROOFING, INC and is actively involved in the day to day operations of BEL-MAC ROOFING, INC including matters concerning hiring, firing, payroll, setting

policies, making procedures, setting goals, marketing, setting service rates, and other business operations.

13. Defendant supervises the operations of BEL-MAC ROOFING, INC including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

14. Defendant, BEL-MAC ROOFING, INC, at all times material, is an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. The Plaintiff is, at all times material, an "employee" of the Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

16. The Defendant is the Plaintiff's employer.

17. The Defendant hired the Plaintiff in or about November 2014 to work for the Defendant as a Roofer.

18. The Plaintiff's primary duties were that of a roofer or performed other labor activities.

19. The Plaintiff's daily work responsibilities included, but were not limited to, inspecting shingles, roofing titles, putting in place metal roofs, remove old roofs, and install roof insulations.

20. The Defendant controlled the Plaintiff's day to day activities, supervised, or had operational control over the Plaintiff.

21. At all times material herein, the Defendant controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendant was responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, assigning the Plaintiff's work duties, and supervising the Plaintiff.

22. The Defendant had operational control over the Plaintiff.

23. On or about April 8, 2016, Plaintiff was involved in a work related accident.

24. The Plaintiff, at the direction of the Defendant, or an agent(s) of the Defendant, was required to attend and/or undergo drug tests, medical appointments, physical therapy sessions, and/or other medical examinations, testing, or procedures (hereinafter collectively referred to as "medical appointments") in conjunction with his workers' compensation date of accident (04/08/2016) and resulting injury(ies).

25. The Plaintiff was required to use paid leave or was otherwise not paid for the hours associated with traveling to/from and attending the aforementioned

medical appointments for his workers' compensation date of accident and resulting injury(ies).

26. The Defendant failed to pay the Plaintiff for each and every hour the Plaintiff worked for the Defendant including, but not limited to, the hours expended by the Plaintiff in attending his medical appointments at the direction of the Defendant.

27. The Defendant permitted the Plaintiff to work for or attend said appointments but did not pay him for all work that he performed for the Defendant.

28. The Plaintiff was an hourly employee.

29. The FLSA mandates that an employer pay an employee at least the minimum wage for each hour worked.

30. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

31. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

32. The Plaintiff is an employee within the meaning of the FLSA.

33. The Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

34. The Defendant hired Plaintiff in or about November 2014. The Plaintiff is still currently employed for the Defendant.

35. During her time as an employee of the Defendant, the Plaintiff worked as and performed the essential duties of, but not limited to, a roofer.

36. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

37. The Plaintiff regularly worked for the Defendant but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

38. Defendant failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

39. The Defendant was aware it had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

40. The Defendant knew, or showed reckless disregard for the fact, that its failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

41. The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

42. The Defendant's practice of failing to pay Plaintiff the appropriate minimum wage due his violated the provisions of the FLSA, *see* 29 U.S.C. §206. As a result of the Defendant's unlawful practice, the Plaintiff has suffered unpaid wages.

43. Because of Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

44. As a result of the unlawful acts of Defendant, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

 A. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

 B. Enter judgment for the Plaintiff declaring that the Defendant violated the minimum wage provisions of the Fair Labor Standards Act and enjoining the Defendant from refusing to pay minimum wages, as required by the FLSA, to Plaintiff or other employees in the future;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

G. Plaintiff demands a trial by jury.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

DATED this 5th day of January, 2017.

> Respectfully submitted,
>
> /s/ Jeremiah J. Talbott
> JEREMIAH J. TALBOTT, ESQ.
> FL Bar No. 015484
> TYLER L. GRAY, ESQ.
> FL Bar No. 0059738
> Law Office of Jeremiah J. Talbott, P.A.
> 900 E. Moreno Street
> Pensacola, Fla. 32503
> (850) 437-9600 / (850) 437-0906 (fax)
> jjtalbott@talbottlawfirm.com
> civilfilings@talbottlawfirm.com
> *Attorneys for Plaintiff*