# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

ANTHONY TENNIS,

    Plaintiff,

vs.                                CASE NO. 3:17-CV-14-MCR-CJK

BEL-MAC ROOFING, INC., and
WILLIAM E. BELL,

    Defendants.

_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, ANTHONY TENNIS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues BEL-MAC ROOFING, INC. and WILLIAM E. BELL (hereinafter referred to as "Defendants"), and alleges:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of fees and costs, brought to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA").

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental subject matter jurisdiction over this action because the cause of action arises out of some of the same facts and issues as the wage and hour claims alleged herein, or is otherwise intertwined. Pursuant to Florida Statute §501.211(2) of the Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA"), any person who has suffered a loss as a result of such practices may commence a private action. A practice is unfair under FDUTPA if it offends established public policy, is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

5. Plaintiff, ANTHONY TENNIS, is a resident of the State of Florida and was an employee of the Defendant, during the three (3) years before the date on which this Complaint was filed.

6. Plaintiff, ANTHONY TENNIS, was employed by and worked for the Defendant performing roofing duties at the Defendant's facility located in Santa Rosa Beach, Walton County, Florida.

7. Defendant, BEL-MAC ROOFING, INC., is a Foreign Limited Liability Company duly licensed and organized under the laws of the State of Florida and is engaged in the construction business in the State of Florida.

8. Defendant, BEL-MAC ROOFING, INC., has an office located at 122-3 Bishop Tolbert Road, Santa Rosa Beach, Florida.

9. Defendant, WILLIAM E. BELL, is a resident of Walton County, Florida and is the owner, operator, and/or manager of BEL-MAC ROOFING, INC.

## FACTUAL ALLEGATIONS

10. The Defendant, BEL-MAC ROOFING, INC. (hereinafter "BEL-MAC ROOFING"), is an employer and enterprise engaged in interstate commerce.

11. The Defendant, WILLIAM E. BELL, is an employer and enterprise engaged in interstate commerce.

12. The Defendants, as part of their business, engages in interstate commerce by processing credit cards which are instruments of interstate commerce, by transacting business with foreign corporations which are part of interstate commerce, by purchasing equipment, devices, materials, and supplies from suppliers, dealers, retailers, and vendors out of state which are part of

interstate commerce, by advertising on the World Wide Web to potential clients and customers outside of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

13. Furthermore, the Defendant obtains, exchanges, and sends/receives funds to and from outside of the State of Florida, uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

14. The Defendant, BEL-MAC ROOFING is an employer and enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

15. The Defendant, WILLIAM E. BELL, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

16. Alternatively, if any defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of all the Defendants combined is at least five hundred thousand dollars ($500,000.00).

17. The Defendants control the day to day operations of BEL-MAC ROOFING, and are actively involved in the day to day operations of BEL-MAC ROOFING, including matters concerning hiring, firing, payroll, setting

policies, making procedures, setting goals, marketing, setting service rates, and other business operations.

18. Defendants supervise the operations of BEL-MAC ROOFING, including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

19. Defendants, at all times material, are the "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

20. The Plaintiff is, at all times material, an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

21. The Defendants, at all relevant times, are the Plaintiff's employer.

22. The Defendants hired the Plaintiff in or about November 2014 to work for the Defendants as a Roofer.

23. The Plaintiff's primary duties were that of a roofer or performed other labor activities.

24. The Plaintiff's daily work responsibilities included, but were not limited to, inspecting shingles, roofing titles, putting in place metal roofs, remove old roofs, and install roof insulations.

25. The Defendants controlled the Plaintiff's day to day activities, supervised, or had operational control over the Plaintiff.

26. At all times material herein, the Defendants controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants were responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, assigning the Plaintiff's work duties, and supervising the Plaintiff.

27. The Defendants had operational control over the Plaintiff.

28. On or about April 8, 2016, Plaintiff was involved in a work related accident.

29. The Plaintiff, at the direction of the Defendants, or an agent(s) of the Defendants, was required to attend and/or undergo drug tests, medical appointments, physical therapy sessions, and/or other medical examinations, testing, or procedures (hereinafter collectively referred to as "medical appointments") in conjunction with his workers' compensation date of accident (04/08/2016) and resulting injury(ies).

30. The Plaintiff was required to use paid leave or was otherwise not paid for the hours associated with traveling to/from and attending the aforementioned medical appointments for his workers' compensation date of accident and resulting injury(ies).

31. The Defendants failed to pay the Plaintiff for each and every hour the Plaintiff worked for the Defendants including, but not limited to, the hours expended by the Plaintiff in attending his medical appointments at the direction of the Defendants.

32. The Defendants permitted the Plaintiff to work for or attend said appointments but did not pay him for all work that he performed for the Defendants.

33. The Plaintiff was an hourly employee.

34. The Defendants failed to pay the Plaintiff for each and every hour the Plaintiff worked for Defendants.

35. The FLSA mandates that an employer pay an employee at least the minimum wage for each hour worked.

36. The FLSA mandates an employer pay its employees time and a half for each and every hour worked in excess of forty (40) hours in a work week.

37. During Plaintiff's employment with Defendants, he would work in excess of forty (40) hours per week.

38. When the Plaintiff worked over forty (40) hours per week for the Defendants, he was not paid one and one-half (1 ½) times his regular rate of pay for all hours that he worked over forty (40) hours in a work week.

39. The Plaintiff was a "non-exempt" employee of the Defendants.

40. Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times his regular hourly rate for each hour worked in excess of forty in a work week.

41. The Defendants were aware that the Plaintiff worked in excess of forty (40) hours in a work week without receiving overtime compensation for each and every hour that he worked over forty (40) hours in a work week.

42. The Defendants are each and jointly involved with paying the Plaintiff.

43. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage and/or overtime compensation, as required by the FLSA were willful and not in good faith.

44. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

45. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) as if fully set forth herein.

46. The Plaintiff is an employee within the meaning of the FLSA.

47. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

48. The Defendants hired Plaintiff in or about November 2014. The Plaintiff is still currently employed for the Defendants.

49. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of, but not limited to, a roofer.

50. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

51. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

52. Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

53. The Defendants were aware it had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

54. The Defendants knew, or showed reckless disregard for the fact, that its failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

55. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

56. The Defendants' practice of failing to pay Plaintiff the appropriate minimum wage due his violated the provisions of the FLSA, *see* 29 U.S.C. §206. As a result of the Defendants' unlawful practice, the Plaintiff has suffered unpaid wages.

57. Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

58. As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

   A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

   B. Enter judgment for the Plaintiff declaring that the Defendants violated the minimum wage provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay minimum wages, as required by the FLSA, to Plaintiff or other employees in the future;

   C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

   D. Award Plaintiff an equal amount in liquidated damages;

   E. Award Plaintiff reasonable attorney's fees and costs of suit; and

   F. Grant such other and further relief as this Court deems equitable and just.

## **COUNT II - FAILURE TO PAY OVERTIME WAGES UNDER FLSA**

59. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) as if fully set forth and referenced herein.

60. The Plaintiff was, at all times material hereto, an employee within the meaning of the FLSA.

61. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

62. When the Plaintiff worked for the Defendants, he worked in excess of forty (40) hours in a work week on a regular basis.

63. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times the regular rate of pay.

64. The Defendants employed the Plaintiff in excess of forty (40) hours a week and did not pay him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by the FLSA.

65. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

66. The FLSA mandates an employer pay its employees time and a half (1 ½) for each and every hour worked in excess of forty (40) hours in a work week.

67. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

68. All records of the weekly hours the Plaintiff worked are in the possession of the Defendants.

69. The Defendants were responsible for keeping track of the hours Plaintiff worked; however, the Defendants failed to keep proper and adequate time records for the hours the Plaintiff worked for the Defendants.

70. Defendants failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty in a work-week.

71. Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

72. As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

B. Enter judgment for the Plaintiff declaring that the Defendants violated the overtime provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay overtime compensation, as required by the FLSA, to Plaintiff or other employees in the future;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

### COUNT III - VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICE ACT § 501.201

73. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully set forth and referenced herein.

74. The Plaintiff is a "consumer" within the meaning of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).

75. The Plaintiff is a "person" within the meaning of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).

76. Through its marketing, advertising, and sale of goods and services, Defendants have placed goods and services in "trade or commerce" within the meaning of the FDUTPA.

77. The Defendants action(s) of providing general construction/roofing services is a good or service in "trade or commerce" within the meaning of FDUTPA.

78. Plaintiff worked for Defendants in the State of Florida.

79. When the Plaintiff worked for the Defendants, the Defendants would pay portions of his wages in cash, but would not withhold proper withholdings or pay workers' compensation premiums on said wages. Additionally, based on information and belief, the Defendants did not pay taxes or take any deductions from the cash money paid for the Plaintiff's hours worked.[1]

---

[1] Payroll taxes generally fall into two (2) categories:

1) deductions from an employee's wages and 2) taxes paid by the employer based on the employees' wages. The first kind are taxes that employers are required to withhold from employees' wages also known as withholding tax, pay-as-you-earn-tax (PAYE) or pay-as-you-go-tax (PAYG) and often covering advance payment of income tax, social security contributions, and various insurance; including but not limited to unemployment and disability. The second kind is a tax that is paid from the employers own funds and that is directly related to employing a worker. These can consist of fixed charges or be proportionally linked to an employees pay. The charges paid by the employer usually cover the employer's funding of the social security system and other insurance programs.

An employer uses an employee's W-4 form to calculate how much federal income tax should be withheld from each paycheck. The employer must also withhold Social Security and Medicare contributions from each check. These are collectively listed as the Federal Insurance Contributions Act tax (FICA) contributions. Employees are taxed approximately 6.2 percent for social security and approximately 1.45 percent for Medicare. The employer must match those contributions, raising the total FICA contributions to approximately 15.3 percent.

In addition to federal income tax and FICA contributions, employers must pay Federal Unemployment Tax (FUTA) and State Unemployment taxes (SUPTA) for every employee.

80. Based on information and belief, as part of a regular practice, the Defendants would pay the Plaintiff in the form of cash in order to avoid deducting taxes from the Plaintiff and to avoid paying the respective taxes to the government agencies and thus save money.

81. The Defendants' actions as noted herein were willful and done intentionally.

82. The Defendants' actions as noted herein were done purposefully and knowingly, in an attempt to save money and/or get an unfair advantage over the competition.

83. The Defendants' actions herein were in violation of the FDUTPA.

84. The Defendants' actions herein injured the Plaintiff.

85. The Defendants' actions of not paying taxes to the respective governmental agencies, has injured the Plaintiff by subjecting him to further tax liabilities.

86. By not paying the taxes/fees that were withheld from the Plaintiff paycheck or payable on account of the Plaintiff's earnings, Defendants injured the Plaintiff and directly affected Plaintiff's entitlement/potential entitlement to governmental benefits, including but not limited to unemployment, Social Security disability or retirement, and tax refunds/taxable income.

87. Additionally, Defendants' acts and omissions affected workers' compensation fees and benefits. Specifically, by failing to report the full amount of Plaintiff's earnings, Defendants paid less in workers' compensation insurance

and Plaintiff was harmed as he was in turn entitled to less benefits based on this reporting.

88. Said FDUTPA violations resulted in an unfair method of competition, and violation of public policy on behalf of the Defendants as the Defendants would be able to undercut the competitor or increase their profit margins as compared to a competing business that follows the laws and, therefore, would have more money to use to best those competing businesses. The Defendants' actions further deny the Plaintiff of the monies he is entitled to for all hours worked over forty (40) hours per week; denies the Plaintiff governmental or insurance benefits that he would or could be entitled to; and the Defendants' actions otherwise prejudice the Plaintiff and gives the Defendants an unfair advantage in the market economy.

89. The Defendants' actions as noted herein constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

90. The Defendants' actions as noted herein offend established public policy, are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

91. As a result of Defendants' unlawful acts, Plaintiff suffered damage.

92. Through, among other reasons, its lack of reasonable care to ensure

conformity with Florida Statute §501.204 and §440, the Defendants have engaged in unfair, unconscionable, or deceptive practices in violation of the FDUTPA.

93. The Defendants' actions were not in good faith.

94. The Defendants are liable to for actual damages, liquidated damages, and equitable relief, pursuant to Florida Statute §501.211(2) as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays this Court enter Judgment on this Complaint in his favor, and:

A. Adjudicate and declare that Defendants' conduct as set forth above, violated the FDUTPA;

B. Award Plaintiffs liquidated damages in accordance with the FDUTPA.

C. Award the Plaintiff reasonable attorney's fees and all costs in this action, to be paid by Defendants, in accordance with FDUTPA.

D. Provide any additional general and equitable relief to which Plaintiff may be entitled; and

E. Provide any such other and further relieve as this Court may deem just, equitable, and proper.

## COUNT IV – VIOLATION OF 26 U.S.C. § 7434

95. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four

(44) above as if fully set forth and referenced herein.

96. The Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

97. The Defendants served/filed or caused to be served/filed knowingly false annual tax returns for the 2016 calendar year by failing to properly report wages paid to Plaintiff.

98. The Defendants served/filed or caused to be served/filed knowingly false IRS Form 941 quarterly tax returns for the relevant quarters of tax year 2016 by failing to properly report wages paid to Plaintiff.

99. The Defendants provided payroll to Plaintiff and are directly responsible for the issuance of paychecks to Plaintiff, calculations of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of their annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

100. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns, including the overpayment of taxes as an independent contractor, the failure to receive the require contribution to his taxes by his employers, the lack of a contribution to social security, and the like, as a result of Defendants' intentional and willful acts as described above.

101. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**

If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages**

In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

1. any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

2. the costs of the action, and

3. in the court's discretion, reasonable attorneys' fees.

**WHEREFORE**, Plaintiff prays this Court enter Judgment on this Complaint in his favor, and:

A. That Plaintiff recover the greater of $5,000.00 for each fraudulent information return filed by Defendants for each year during the past six (6) years or the damages proximately caused by Defendants' conduct for each year during the past six (6) years;

B. That Plaintiff recover an award of reasonable attorney's fees, costs, and expenses pursuant to 26 U.S.C. §7434;

C. That Plaintiff recover all interest allowed by law; and

D. Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

                Respectfully submitted,

                /s/ Jeremiah J. Talbott
                JEREMIAH J. TALBOTT, ESQ.
                FL Bar No. 015484
                BRADLEY S. LARSEN, ESQ.
                FL Bar No. 0114100
                Law Office of Jeremiah J. Talbott, P.A.
                900 E. Moreno Street
                Pensacola, Fla. 32503
                (850) 437-9600 / (850) 437-0906 (fax)
                jjtalbott@talbottlawfirm.com
                civilfilings@talbottlawfirm.com
                *Attorneys for Plaintiff*